```
 1  JERRY KAPLAN, ESQ./SMB 49142
    DAVID SCOTT KADIN, ESQ./SBN 90586
 2  KAPLAN, KENEGOS & KADIN
    9150 Wilshire Boulevard, Suite 175
 3  Beverly Hills, CA 90212
    Telephone: (310)859-7700
 4  Facsimile: (310)859-7773

 5  Attorneys for Plaintiffs CASHREADY, LLC,
    CASHREADY FUNDING, LLC; EVOLUTION PAYMENT SYSTEMS, LLC;
 6  EVOLUTION FINANCIAL CORPORATION; BRANDON BECKER;
    EVOLUTION PAYMENT SYSTEMS; and CREATIVE MERCHANT FUNDING, LLC
```

FILED 2009 DEC 11 PM 4:32 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASHREADY, LLC, a California Limited Liability Company; CASHREADY FUNDING, LLC; BRANDON BECKER; EVOLUTION PAYMENT SYSTEMS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; EVOLUTION FINANCIAL CORPORATION; CREATIVE MERCHANT FUNDING, LLC<br><br>        Plaintiffs,<br><br>vs.<br><br>AEQUITAS CAPITAL MANAGEMENT, INC.; AEQUITAS HYBRID FUND, LLC; AEQUITAS COMMERCIAL FUNDING, LLC; CR FUNDING I, LLC; ROBERT JESENIK; BRIAN OLIVER; TOM SIDLEY; ANTHONY BUDA; TOM SZABO,<br><br>        Defendants. | CASE NO. CV09-9139 AHM(RZx)<br><br>COMPLAINT FOR FRAUD (RESCISSION); DECLARATORY RELIEF; FRAUD (DAMAGES); INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS; RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (18 U.S.C. Section 1962, et seq.)<br><br>[JURY TRIAL DEMANDED] |

Plaintiffs CASHREADY, LLC, a California Limited Liability Company; CASHREADY FUNDING, LLC, BRANDON BECKER, EVOLUTION PAYMENT

1

**COMPLAINT**

SYSTEMS, LLC; EVOLUTION FINANCIAL CORPORATION and CREATIVE MERCHANT FUNDING, LLC allege in this Complaint as follows:

**PRELIMINARY ALLEGATIONS COMMON TO EACH CLAIM FOR RELIEF**

1.   Jurisdiction is based on diversity of citizenship pursuant to 28 United States Code Section 1332.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

2.   Venue is proper in this Court pursuant to 28 United States Code Section 1391(a).

3.   Plaintiff CashReady, LLC ("CashReady") is a limited liability company formed under California law with its principal place of business within the Central District of California.

4.   Plaintiff CashReady Funding, LLC ("CashReady Funding") is a limited liability company formed under California law with its principal place of business within the Central District of California and is a wholly-owned subsidiary of CashReady, LLC.

5.   Plaintiff Brandon Becker ("Becker") is an individual and at all relevant times mentioned in this Complaint was the Chief Executive Office of Plaintiff CashReady, and whose principal place of residence is within the Central District of California.

6.   Plaintiff Evolution Payment Systems, LLC ("Evolution Payment") is a California Limited Liability Company with its principal place of business in the State of California.

7.   Plaintiff Evolution Financial Corporation ("Evolution Financial") is a Delaware corporation with its principal place of business in the State of California.

8.   Plaintiff CREATIVE MERCHANT FUNDING, LLC ("Creative

2

**COMPLAINT**

Merchant") is a Delaware Limited Liability Company whose principal place of business was the State of New York at all relevant times mentioned in this Complaint.

9. Plaintiffs are informed and believe, and on those grounds allege, that Defendant Aequitas Capital Management, Inc. ("Aequitas Capital") is a corporation incorporated under the laws of the State of Oregon and having its principal place of business in the state of Oregon.

10. Plaintiffs are informed and believe, and on those grounds allege, that Defendant AEQUITAS HYBRID FUND, LLC ("Aequitas Hybrid") is a limited liability company organized under the laws of the State of Oregon and having its principal place of business in the state of Oregon.

11. Plaintiffs are informed and believe, and on those grounds allege, that Defendant AEQUITAS COMMERCIAL FINANCE, LLC ("Aequitas Commercial") is a limited liability company organized under the laws of the State of Oregon and having its principal place of business in the state of Oregon.

12. Plaintiffs are informed and believe, and on those grounds allege, that Defendant CR FUNDING I, LLC ("CR Funding") is a limited liability company organized under the laws of the State of Oregon and having its principal place of business in the state of Oregon. Plaintiffs are informed and believe, and on those grounds allege, that Defendant Aequitas Capital is the manager of CRF.

13. Plaintiffs are informed and believes, and on those grounds alleges, that at all relevant times, Defendant ROBERT JESENIK ("Jesenik") was and is, the chief executive officer of

Defendant Aequitas Capital, and in committing the acts and/or omissions alleged in this Complaint, was acting within the course and scope of such capacity.

14. Plaintiffs are informed and believes, and on those grounds alleges, that at all relevant times, Defendant BRIAN OLIVER ("Oliver") was and is, an executive vice-president of Defendant Aequitas Capital, and in committing the acts and/or omissions alleged in this Complaint, was acting within the course and scope of such capacity.

15. Plaintiffs are informed and believes, and on those grounds alleges, that at all relevant times, Defendant TOM SIDLEY ("Sidley") was and is, the senior managing director of Defendant Aequitas Capital, and in committing the acts and/or omissions alleged in this Complaint, was acting within the course and scope of such capacity.

16. Plaintiffs are informed and believes, and on those grounds alleges, that at all relevant times, Defendant ANTHONY BUDA ("Buda") was and is, a managing director of Defendant Aequitas Capital, and in committing the acts and/or omissions alleged in this Complaint, was acting within the course and scope of such capacity.

17. Plaintiffs are informed and believes, and on those grounds alleges, that at all relevant times, Defendant TOM SZABO ("Szabo") was and is, an executive vice-president of Defendant Aequitas Capital, and in committing the acts and/or omissions alleged in this Complaint, was acting within the course and scope of such capacity.

18. Plaintiffs are informed and believe, and on those grounds alleges, that at all relevant times mentioned in this Complaint, each of the Defendants were the agents, employees, officers, directors, managers, managing agents and/or other authorized representatives of each other, and committed the acts and/or omissions alleged in this Complaint within the course and scope of such capacities.

19. Plaintiffs are informed and believe, and on those grounds alleges, that each of the Defendants conspired with each other to commit the wrongful and fraudulent acts alleged in this Complaint.

20. CashReady is a lender licensed under California law to conduct business as a lender, and does conduct business as a commercial lender to commercial merchants.

**THE $50,000,000 LOAN TRANSACTION WITH CASHREADY**

21. In or about the first quarter of the year 2009, CashReady was interested in obtaining financing in connection with CashReady's lending business to commercial merchants. CashReady was introduced to Defendant Aequitas Capital by CashReady's representative Bryant Park Capital as a reputable company that provided financing for businesses such as CashReady. During a period of several months, CashReady's representatives Brandon Becker and Jim Berland and Defendant Aequitas Capital's representatives entered into a series of discussions and negotiations in which Defendants made certain oral representations to CashReady's officers and representatives. Defendant Aequitas Capital, through its authorized representatives and officers

5

COMPLAINT

(including individual Defendants) orally represented to CashReady's officers, as well as CashReady's authorized representative Joel Magerman of Bryant Park Capital, that Aequitas Capital had Fifty Million Dollars ($50,000,000.00) in funding readily available for CashReady, and that the funding would be timely made so that CashReady would be able to continue to operate and expand its business in an expeditious manner. The discussions and representations took place in various places, including in the within Central District where CashReady operated its principal place of business.

22. In the negotiations leading up to the eventual agreements which are described below, CashReady's officers Becker and Berland told Aequitas Capitals' officers and representatives (including individual Defendants) that it was of paramount concern that Aequitas Capital actually have the $50,000,000.00 in funding readily available for CashReady, and that CashReady would be relying on this funding being readily available. Aequitas Capitals' officers and representatives orally told CashReady's officers and representatives (including Becker and Berland) that Aequitas Capital did have the $50,000,000.00 in funding readily available, and that the funding would be divided into two transactions of $25,000,000.00 each. It was important to CashReady, and negotiated by the parties, that Aequitas would not have discretion in providing the second $25,000,000.00, and Defendant Aequitas Capital agreed to this.

23. CashReady reasonably relied on Defendants' representations, and proceeded to enter into a series of written

**COMPLAINT**

agreements with Defendant Aequitas Capital, as described below. The agreements were with CashReady and CashReady Funding on the one hand, and Defendant Aequitas Capital (through Aequitas Capital and other entities owned and/or formed by Aequitas Capital to conduct the transaction, including Defendants CR Funding, Aequitas Hybrid, and Aequitas Commercial. The documents include the following:

    A.   Loan Purchase Agreement between Plaintiff CashReady and Defendant CR Funding dated June 30, 2009 (a true and correct copy of which is attached to this Complaint as Exhibit 1A);

    B.   Guaranty by Plaintiffs Evolution Financial, CashReady, Evolution Payment and Creative Funding dated June 30, 2009 in favor of CR Funding (a true and correct copy of which is attached to this Complaint as Exhibit 1B);

    C.   Limited Guaranty by Plaintiff CashReady dated June 30, 2009 in favor of CR Funding (a true and correct copy of which is attached to this Complaint as Exhibit 1C);

    D.   Limited Guaranty by Plaintiff Becker dated June 30, 2009 in favor of CR Funding (a true and correct copy of which is attached to this Complaint as Exhibit 1D);

    E.   Servicing Agreement by Plaintiff CashReady dated June 30, 2009 and Defendant CR Funding (a true and correct copy of which is attached to this Complaint as Exhibit 1E);

    F.   Custodial Services Agreement by Plaintiff CashReady, and Defendants Aequitas Commercial and CR Funding dated June 30, 2009 (a true and correct copy of which is attached to this Complaint as Exhibit 1F);

    G.   Assignment of Processor Agreements by Plaintiff Evolution

Payment, CashReady and CR Funding dated June 30, 2009 (a true and correct copy of which is attached to this Complaint as Exhibit 1G);

H.   Put Option Agreement by Plaintiff Evolution Payment, Evolution Financial and Becker and Defendants Aequitas Commercial dated June 30, 2009 (a true and correct copy of which is attached to this Complaint as Exhibit 1H); and

I.   Back-up Servicing Agreement by Plaintiff CashReady dated June 30, 2009 and CR Funding and Aequitas Commercial (a true and correct copy of which is attached to this Complaint as Exhibit 1I);

24.   In reliance on the representations, CashReady incurred approximately $572,000.00 in expenses, costs and fees in connection with the transaction, including, but not limited to, facility fees, legal fees, loan fees, finder's fees and other related costs and expenses.  CashReady also incurred an obligation to Bryant Park Capital in the sum of $800,000.00, of which $200,000.00 was to be paid from the initial funding and a Note for $600,000.00 was to be paid over the subsequent twelve (12) months.

25. Defendants' representations turned out to be false.  The true facts were that Defendant Aequitas Capital did not have the full $50,000,000.00 in funding available, but rather it had only approximately $8,000,000.00 in funding available, which was far less that represented by Defendants and far less than that required by Plaintiff.  Defendant Aequitas Capital delayed in making the funding, instructed CashReady to moderate its business growth so as not to press Aequitas' funding abilities, and also requested CashReady to assist Aequitas Capital in obtaining the additional funding.  Defendants also coerced CashReady by using undue pressure