to execute a November 2, 2009 modification document, a true and correct copy of which is attached to this Complaint as Exhibit 1J.

### THE INITIAL FUNDING OF $1,150,000.00 AND RELATED DOCUMENTS

26. In connection with the transaction, there was an initial funding of $1,150,000.00, and the following documents were executed in connection with that transaction:

A. Business Loan Agreement by Plaintiff CashReady Funding dated July, 2009 (a true and correct copy of which is attached to this Complaint as Exhibit 2A);

B. Commercial Guaranty by Plaintiff CashReady dated July, 2009 (a true and correct copy of which is attached to this Complaint as Exhibit 2B);

C. Promissory Note by Plaintiff CashReady Funding dated July, 2009 (a true and correct copy of which is attached to this Complaint as Exhibit 2C);

D. Validity Agreement by Plaintiff Brandon Becker dated July 2009 (a true and correct copy of which is attached to this Complaint as Exhibit 2D); and

E. Commercial Security Agreement by Plaintiff CashReady Funding dated July 2009 (a true and correct copy of which is attached to this Complaint as Exhibit 2E).

### THE BECKER $360,000.00 BRIDGE LOAN

27. In or about September 2009, Defendants fraudulently induced Plaintiff Brandon Becker to obtain a bridge loan ("the Bridge Loan") from Aequitas in the sum of $360,000.00 to cover CashReady's cash

flow, and that Defendants would arrange a term loan to CashReady and/or Becker for approximately $1.5 million to pay off the Bridge Loan and for CashReady to obtain additional cash flow. In connection with this transaction, the following documents were executed:

A. Financing Term Sheet dated September 15, 2009 between CashReady, Aequitas Capital and Becker (a true and correct copy of which is attached to this Complaint as Exhibit 3A);

B. Promissory Note by Plaintiff Becker dated September 15, 2009 (a true and correct copy of which is attached to this Complaint as Exhibit 3B;

C. Commercial Guaranty by Plaintiff CashReady dated September 2009 (a true and correct copy of which is attached to this Complaint as Exhibit 3C); and

D. Assignment of Loan for Security Purposes by Plaintiff Becker dated September, 2009 (a true and correct copy of which is attached to this Complaint as Exhibit 3D).

28. Defendants' representations were false in that they did not intend to, and did not, make the term loan to pay off this Bridge Loan.

**FIRST CLAIM FOR RELIEF BY ALL PLAINTIFFS AGAINST DEFENDANTS AEQUITAS CAPITAL, AEQUITAS HYBRID, AEQUITAS COMMERCIAL, AND CR FUNDING FOR FRAUD IN THE INDUCEMENT (RESCISSION)**

29. Plaintiffs are informed and believe, and on those grounds allege, that at the time Defendants made the representations to Plaintiffs, Defendants knew that the representations were not true,

that Defendants did not have $50,000,000.00, or anywhere near that amount, in funding readily available for Plaintiffs, but represented to Plaintiff that it had such funds available in order to induce Plaintiff to contract with them.

30. Had Plaintiffs known Defendants' true intentions and the true status of Aequitas Capitals' financial ability, Plaintiffs would not have contracted with Defendants, obligated themselves, guarantee any obligations, assigned any rights, or conducted any business with Defendants.

31. Plaintiffs' reliance on Defendants' representations was justifiable. Defendants Aequitas had a good reputation and represented to Plaintiffs, orally and in writing through its Internet website, that Defendants were ethical, moral and truthful in business, believed in and honored God and that the teachings of God provide a moral compass to run their business.

32. As a result of Defendants' fraudulent misrepresentations and fraudulent inducement, Plaintiffs intend to and do by this Complaint rescind all of the above-mentioned agreements, assignments, guarantees and all other obligations to Defendants.

33. As a result of Defendants' fraudulent conduct, Plaintiffs CashReady and CashReady Funding has incurred costs and expenses in an amount according to proof, but at least $572,000.00.

34. Defendants committed the above-mentioned acts intentionally, maliciously, oppressively and fraudulently, entitling Plaintiffs to exemplary and punitive damages according to proof. Plaintiffs are informed and believe, and on those grounds allege,

that officers, directors, managers, and/or managing agents of the Defendants who are not individuals authorized, committed, participated in, and/or ratified the above-mentioned fraudulent acts.

**SECOND CLAIM FOR RELIEF BY ALL PLAINTIFFS AGAINST DEFENDANTS AEQUITAS CAPITAL, AEQUITAS HYBRID, AEQUITAS COMMERCIAL, AND CR FUNDING FOR DECLARATORY RELIEF**

35. Plaintiffs incorporates by this reference Paragraphs 29 - 34 of this Complaint.

36. An actual controversy has arisen and now exists among the parties.

A. Plaintiffs contend that as a result of Defendant's wrongful actions, all of the above-mentioned contracts, agreements, guarantees, and obligations are void, voidable, and/or unenforceable, and that Plaintiffs have no obligations to Defendants.

B. Plaintiff are informed and believe, and on those grounds allege, that Defendants deny Plaintiffs' contentions.

37. A judicial declaration of the rights and obligations of the parties is necessary and appropriate at the present time.

**THIRD CLAIM FOR RELIEF BY PLAINTIFFS CASHREADY AND CASHREADY FUNDING AGAINST ALL DEFENDANTS FOR FRAUD (DAMAGES)**

38. Plaintiffs incorporate by this reference Paragraphs 29 - 31 of this Complaint.

39. As a proximate result of Defendants' fraudulent conduct, Plaintiffs have sustained damages in an amount according to proof, including, but not limited to, for loss of business and other damages, in excess of Twenty Million Dollars ($20,000,000.00).

40. As a further proximate result of Defendants fraud, Plaintiff has incurred expenses in excess of $572,000.00.

41. Defendants committed the above-mentioned acts intentionally, maliciously, oppressively and fraudulently, entitling Plaintiffs to exemplary and punitive damages according to proof. Plaintiffs are informed and believe, and on those grounds allege, that officers, directors, managers, and/or managing agents of the Defendants who are not individuals authorized, committed, participated in, and/or ratified the above-mentioned fraudulent acts.

**FOURTH CLAIM FOR RELIEF BY PLAINTIFFS CASHREADY AND CASHREADY FUNDING AGAINST ALL DEFENDANTS FOR INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS.**

42. Plaintiffs incorporates by this reference Paragraphs 29 - 34 of this Complaint.

43. After Plaintiffs discovered Defendants' fraudulent conduct and that Defendants would not provide the funding as represented, Plaintiffs attempted to obtain financing from other sources, including, but not limited to, through an entity known as "Wirecard".

44. Plaintiffs informed Defendants that as a result of

1 Defendants' acts, Plaintiff would be attempting to obtaining
2 financing through Wirecard and requested Defendants to cooperate in
3 connection with Plaintiff obtaining financing from Wirecard.

4   45. Plaintiffs are informed and believe, and on those grounds
5 allege, that instead of cooperating, Defendants wrongfully and
6 falsely told Wirecard that Plaintiffs were in default of their
7 obligations to Aequitas Capital, and that Plaintiffs were not a
8 reputable business and Wirecard should not conduct business with
9 Plaintiffs.

10   46. Defendants intentionally intended to, and did, interfere
11 with Plaintiffs' potential business relationship with Wirecard.

12   47. As a proximate result of Defendants' intentional
13 interference, Plaintiffs have sustained damages in an amount
14 according to proof, in excess of $20,000,000.00.

15   48. Defendants committed the above-mentioned acts
16 intentionally, maliciously, oppressively and fraudulently, entitling
17 Plaintiffs to exemplary and punitive damages according to proof.
18 Plaintiffs are informed and believe, and on those grounds allege,
19 that officers, directors, managers, and/or managing agents of the
20 Defendants who are not individuals authorized, committed,
21 participated in, and/or ratified the above-mentioned fraudulent
22 acts.

**SIXTH CLAIM FOR RELIEF BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS FOR VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (18 U.S.C. Section 1962, et seq.)**

14

COMPLAINT

1  49. Plaintiffs incorporate by this reference Paragraphs 29 - 34 of this Complaint.

2  50. The above-mentioned predicate acts were committed by Defendants through the use of interstate commerce (including telephone communications, emails and other means of communication between the parties in the State of Oregon and the State of California, and Defendants traveling from the State of Oregon to the State of California) as part of an enterprise through a pattern of racketeering activity. Defendants' conduct has caused Plaintiffs damage as set forth below.

3  51. Plaintiffs are informed and believe, and on those grounds allege, that Defendants have committed similar wrongful and fraudulent acts against other individuals and entities in connection with Defendants' financing business in order to induce individuals and entities to contract with Defendants, to assign Defendants receivables and pay them monies, with the end result of Defendants failing to fund the loans and falsely claiming that the other parties were in default so that Defendants could take over their companies and/or take their receivable.

4  52. As a proximate result of Defendants' wrongful and fraudulent acts, Plaintiffs have sustained damages in an amount according to proof, but at least $572,000.00 for costs and other expenses, and $20,000,000.00 in other damages.

5  53. As a result of Defendants' wrongful acts, the amount of Plaintiffs' damages should be trebled pursuant to 18 U.S.C. Section 1964(c).

---

15

**COMPLAINT**

54. Plaintiffs are entitled to recover their costs and reasonable attorneys' fees pursuant to 18 U.S.C. Section 1964(c).

WHEREFORE, Plaintiffs request the following judgment:

**ON THE FIRST CAUSE OF ACTION (FRAUD - RESCISSION):**

1. That the agreement between Plaintiff CashReady, and its guarantee of the Becker Bridge Loan, be ordered rescinded, and that Plaintiff has no obligations under any of those transactions or agreements;

2. For damages according to proof; and

3. For exemplary and punitive damages according to proof.

**ON THE SECOND CAUSE OF ACTION (DECLARATORY RELIEF):**

1. For a declaration of the rights and obligations of the parties.

**ON THE THIRD CAUSE OF ACTION (FRAUD - DAMAGES):**

1. For damages according to proof; and

2. For exemplary and punitive damages according to proof.

**FOURTH CAUSE OF ACTION (INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS):**

1. For damages according to proof; and

2. For exemplary and punitive damages according to proof.

**ON THE FIFTH CLAIM FOR RELIEF (VIOLATION OF RACKETEER INFLUENCED CORRUPT ORGANIZATIONS ACT**

1. For damages according to proof, and that such amounts be trebled; and

2. For costs and reasonable attorneys' fees.

**ON ALL CLAIMS FOR RELIEF:**

    1.   For interest on all amounts due;

    2.   For costs of suit, including attorney's fees; and

    3.   For all other proper relief.

DATED: December 11, 2009   KAPLAN, KENEGOS & KADIN

By_____
JERRY KAPLAN
DAVID SCOTT KADIN
Attorneys for Plaintiffs

Plaintiffs demand a trial by jury.

December 11, 2009        KAPLAN, KENEGOS & KADIN

By_____
JERRY KAPLAN
DAVID SCOTT KADIN
Attorneys for Plaintiffs

17
**COMPLAINT**